**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWARD BROWN,**

                **Plaintiff,**

-vs-                                                  **Case No. 6:07-cv-910-Orl-19KRS**

**TMC OF CENTRAL FLORIDA, INC., TODD MILLS,**

                **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR DISMISSAL WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **February 8, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. The parties' Joint Motion for Dismissal with Prejudice, doc. no. 25, has been referred to me by the presiding district judge to determine whether the settlement is fair.

The parties did not file their settlement agreement. In the parties' Joint Motion for Dismissal with Prejudice, Plaintiff Edward Brown represents that he received payment in full for all wages

possibly due under the FLSA, including liquidated damages. Doc. No. 25. Because Plaintiff received all past due compensation to which he was arguably entitled under the FLSA, the settlement is fair. *See MacKenzie v. Kindred Hosps. East, LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)("*Lynn's Food Stores* addresses judicial oversight of 'compromises of FLSA claims . . . . Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise . . . [and] there is no need for judicial scrutiny.").

Accordingly, I respectfully recommend as follows:

1. The Court find that the amount received by Brown is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2. The Court dismiss the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

3. The Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy